UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
PILAR ATTERBERRY,

                                            Plaintiff,                           CIVIL ACTION NO.

                                  -against-

                                                                                        COMPLAINT

CORNELL GRACE, P.C., JANET O'CONNOR CORNELL, and
KEITH D. GRACE,

                                            Defendants.
-------------------------------------------------------------------------------X

       Plaintiff Pilar Atterberry ("Plaintiff"), by her attorneys, Katz Melinger PLLC, complaining of the defendants, Cornell Grace, P.C. (the "Firm"), Janet O'Connor Cornell, and Keith D. Grace (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

       1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

       2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

       3.     This Court has supplemental jurisdiction over the claims arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

       4.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed by Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

9. Defendant the Firm is a domestic corporation with its principal place of business located at 111 Broadway, Suite 810, New York, New York 10006.

10. Defendant the Firm is a law firm located in New York City.

11. Defendant Cornell is an individual residing, upon information and belief, in the State of New York.

12. Defendant Grace is an individual residing, upon information and belief, in the State of New Jersey.

13. Cornell and Grace are attorneys and founding shareholders of the Firm.

14. At all relevant times, Cornell and Grace were, and still are, officers, directors, shareholders, and/or persons in control of the Firm who exercise significant control over the Firm's operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

15. At all relevant times, Defendants were responsible for setting Plaintiff's schedules and day-to-day activities and for supervising her performance.

16. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

17. At all relevant times, Defendants were responsible for compensating Plaintiff.

18. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

19. At all relevant times, Defendants were each a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

20. Defendants are covered employers within the meaning of the FLSA and NYLL.

21. Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

22. Plaintiff has been employed with Defendants as a paralegal from on or about September 11, 2017 to the present.

23. Throughout her employment, Plaintiff has reported directly to Cornell and Grace.

24. As a paralegal, Plaintiff's job duties consist of drafting standard discovery demands and responses, obtaining records from the files, drafting form emails for attorney review, requesting medical records, scheduling independent medical examinations, following up on obtaining such medical documents and reports, and other general paralegal duties required by the Firm on pending matters.

25. Plaintiff does not supervise other employees, nor does she have any authority to hire or fire employees.

26. Plaintiff's primary job duties do not require her to exercise independent discretion or judgment with respect to matters of significance to Defendants' business.

27. Plaintiff follows processes and procedures and drafts template documents for attorney review and editing.

28. As a result, at all relevant times, Plaintiff was, and still is, a non-exempt employee under the FLSA and the NYLL, who is entitled to overtime compensation for all hours worked over forty (40) per week.

29. From the start of her employment until on or around August 30, 2018, Plaintiff regularly worked Mondays through Fridays, from approximately 9:00 a.m. until between 8:00 p.m. and 9:00 p.m., with a daily thirty (30) minute lunch break, for a total of approximately fifty-five (55) hours per week.

30. From on or around September 1, 2018 until the present, Plaintiff was scheduled to work Mondays through Fridays, from in or around 9:00 a.m. until 5:00 p.m., with a daily thirty (30) minute lunch break, for a total of approximately thirty-seven and one-half (37.5) hours per week.

31. However, during this time period, Plaintiff was often directed by Cornell, Grace and/or other attorneys at the Firm to work past 5:00 p.m. on certain weekdays in order to meet deadlines.

32. During this time period, Plaintiff estimates that she worked approximately six (6) additional hours per week, bringing her actual weekly total to approximately forty-three and one-half (43.5) hours per week.

33. Defendants did not track or otherwise record the actual number of hours Plaintiff worked, except that Defendants tracked Plaintiff's billable hours and, upon information and belief, charged their clients for the time Plaintiff spent working on the Firm's matters.

34. Throughout Plaintiff's employment, Defendants required that Plaintiff log no less than 440 billable hours per quarter and 1,760 billable hours per calendar year.

35. Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed annual salary, regardless of the number of hours she worked each week.

36. Defendants also paid Plaintiff certain quarterly bonuses throughout her employment.

37. From the start of her employment with Defendants until in or around December 2017, Plaintiff was paid $55,000.00 per year; from in or around January 2018 until in or around December 2018, Plaintiff was paid $60,000.00 per year; from in or around January 2019 until in or around December 2019, Plaintiff was paid $65,000.00 per year; and from in or around January 2020 until the present day, Plaintiff is paid $70,000.00 per year.

38. In 2018, 2019, and 2020 Defendants paid Plaintiff a quarterly bonus based on the number of billable hours that Plaintiff logged.

39. The bonuses, which were calculated as percentages of Plaintiff's annual salary, were determined as follows: a 1% bonus for logging at least 450 billable hours in a quarter; a 2% bonus for logging at least 460 billable hours in a quarter; and a 3% bonus for logging at least 475 billable hours in a quarter.

40. Plaintiff billed 2,090.00 hours in 2018; 2,099.10 hours in 2019; and 408.70 hours so far in 2020.

41. Based on the above billable hours logged, Plaintiff earned $6,250.00 in bonuses in 2018; $7,650.00 in bonuses in 2019; and $1,950.00 in bonuses so far in 2020.

42. Although Plaintiff was, at all relevant times, a non-exempt employee pursuant to the FLSA and the NYLL, Defendants did not compensate Plaintiff at a rate of one and one-half

(1.5) times her regular hourly rate of pay for every hour she worked in excess of forty (40) per week.

43. Defendants also failed to furnish to Plaintiff a notice at the time of hire, or at any time thereafter, containing her rates of pay, a designated payday, or other information required by NYLL § 195(1).

44. Defendants further failed to furnish to Plaintiff, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

45. Defendants violated federal and state law by wilfully failing to compensate Plaintiff with overtime wages for all hours worked in excess of forty (40) per week; and by failing to provide Plaintiff with the required wage statements and payroll notices in violation of NYLL §§ 195(1) and (3).

## AS AND FOR A FIRST CAUSE OF ACTION
(*Overtime Violations under the FLSA*)

46. Plaintiff repeats and realleges all prior allegations set forth above.

47. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 207, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay for all hours worked in excess of forty (40) per week.

48. Throughout her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours per week.

49. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay for each hour worked in excess of forty (40) per week.

50. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

51. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

52. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the NYLL)*

53. Plaintiff repeats and realleges all prior allegations set forth above.

54. Pursuant to the applicable provisions of NYLL § 650, *et seq*. and 12 NYCRR § 142-2.2, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay for all hours worked in excess of forty (40) per week.

55. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

56. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

57. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

58. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

59. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
(*Failure to Provide Wage Notices under the NYLL*)

60. Plaintiff repeats and realleges all prior allegations set forth above.

61. Defendants failed to furnish to Plaintiff, at the time of her hire or at any time thereafter, a notice containing her rates of pay and bases thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and anything otherwise required by NYLL § 195(1).

62. As Defendants failed to provide Plaintiff with wage notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

63. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(*Failure to Provide Wage Statements under the NYLL*)

64. Plaintiff repeats and realleges all prior allegations set forth above.

65. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, an accurate statement listing: her rates of pay and bases thereof; the number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

66. As Defendants failed to provide Plaintiff with wage notices as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(*Failure to Timely Pay Wages under the NYLL*)

68. Plaintiff repeats and realleges all prior allegations set forth above.

69. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

70. During the relevant period, Defendants routinely failed to pay Plaintiff all of her earned wages in accordance with the agreed-upon terms of employment.

71. During the relevant period, Defendants failed to timely pay Plaintiff all of her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

72. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

73. Throughout the relevant period, Defendants failed to pay Plaintiff all wages earned by Plaintiff, including overtime wages, in violation of NYLL § 191(1)(a)(i).

74. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

75. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) Interest;

g) Costs and disbursements; and

h) Such other and further relief as is just and proper.

Dated: New York, New York
       June 1, 2020

                                  */s/ Nicola Ciliotta*
                                  Nicola Ciliotta
                                  Katz Melinger PLLC
                                  280 Madison Avenue, Suite 600
                                  New York, New York 10016
                                  Telephone: (212) 460-0047
                                  Facsimile: (212) 428-6811
                                  nciliotta@katzmelinger.com
                                  *Attorneys for Plaintiff*