KATZMELINGER

280 MADISON AVENUE, SUITE 600
NEW YORK, NEW YORK 10016
www.katzmelinger.com

Nicola Ciliotta                                                                    t: 212.460.0047
Katz Melinger PLLC                                                                 f: 212.428.6811
                                                                    nciliotta@katzmelinger.com

March 22, 2021

**Via ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>        Re:    *Pilar Atterberry v. Cornell Grace, P.C. et al.*
>               <u>**Civil Action No. 1:20-cv-04166**</u>

Dear Judge Woods:

        We are attorneys for the parties in this matter, and write jointly to seek approval of the parties' agreement to settle plaintiff Pilar Atterberry's ("Plaintiff") claim for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The parties respectfully request that the Court approve the settlement agreement, a copy of which is attached hereto as **Exhibit 1**, and allow the parties to discontinue this matter with prejudice pursuant to Fed. R. Civ. P. 41 (a)(2).

        As explained in further detail below, the parties respectfully aver that the proposed settlement agreement is fair, reasonable, and equitable.

        <u>**Background**</u>

        This matter arises out of Plaintiff's employment with defendants Cornell Grace, P.C. (the "Firm"), Janet O'Connor Cornell, and Keith D. Grace (collectively, "Defendants"). Plaintiff alleges that she worked for Defendants as a paralegal from on or about September 11, 2017 until on or around February 4, 2021. Plaintiff alleges that she was, at all times, a non-exempt employee under the FLSA and that, although she regularly worked more than forty (40) hours per week throughout her employment, she did not receive overtime compensation for any overtime hours worked. Rather, Plaintiff alleges that she was paid a fixed annual salary throughout her employment, regardless of the number of hours she worked each week.

        Based on the foregoing, Plaintiff alleges that Defendants owe her approximately $47,462.74 in overtime wages, exclusive of liquidated damages, prejudgment interest, costs, and attorneys' fees.

Defendants adamantly deny any and all wrongdoing and allege that Plaintiff was properly compensated for all hours worked. Specifically, Defendants allege that, based on her compensation and job duties, Plaintiff was an exempt employee under the FLSA and thus, was not entitled to any overtime wages for overtime hours worked during her employment. Defendants further assert that, even assuming, *arguendo*, that Plaintiff was entitled to overtime compensation, Plaintiff's damages are *de minimus* as she did not work the hours she alleges.

The parties participated in private mediation on February 4, 2021, and agreed to settle Plaintiff's claims for $45,000.00.[1] The amount agreed upon reflects a mutual desire to reach an amicable resolution in this matter without additional litigation.

While Plaintiff and Defendants continue to express opposing views on the likely outcome of this matter, they understand that the complex factual issues in this matter would likely require significant discovery and would ultimately result in a trial, both of which would cause each of them would expend significant time and costs. While Plaintiff and Defendants have agreed to a settlement, there remains significant disagreement over the amount of alleged overtime hours worked by Plaintiff; the amount that Plaintiff was compensated; and whether Plaintiff was an exempt employee under the FLSA. Given the uncertainty on both sides, the risk to Defendants of a substantial judgment against them, the risk to Plaintiff of failing to prevail on all of her claims, and the risk to Plaintiff of being unable to enforce a judgment against Defendants who may be unable to satisfy a large judgment, the amount agreed to by Plaintiff and Defendants represents a fair and reasonable settlement at such an early stage of the litigation.

### **The Proposed Settlement Should Be Approved**

1. The settlement amount is fair and reasonable

The parties' proposed settlement agreement warrants approval as it is fair, reasonable, and equitable. Indeed, the agreement reflects a reasonable compromise of Plaintiff's FLSA claim rather than a mere waiver of statutory rights brought about by Defendants' overreaching. Here, there is no doubt that the settlement did not come about because of "overreaching" by Defendants. To the contrary, Plaintiff is represented by competent counsel and the settlement amount, $45,000.00, results in a recovery to Plaintiff in the total amount of $29,686.00, after expenses and proposed attorneys' fees. This sum is fair and reasonable given the early stage at which the settlement was reached; the time and costs associated with continued ligation; and the risk that Plaintiff would not prevail on all of her claims after a trial

2. The settlement agreement was the result of arm's length negotiations by the parties

The proposed settlement is also the product of negotiation between parties represented by competent counsel following extensive settlement negotiations, and a private mediation before Mediator Giulio Zanolla. Plaintiff and Defendants hold opposing views on the merit and value of

---

[1] The parties have agreed that the settlement amount will be payable in a lump sum payment to be delivered within thirty (30) days after the Court's approval of this Agreement.

Plaintiff's claims; however, the arm's length bargaining between the represented parties, along with the information exchanged during informal discovery and shared during settlement negotiation and the mediation, weighs in favor of finding the settlement reasonable. Moreover, nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct. Through limited discovery and candid discussions between counsel, including a mediation, the parties can assess the strengths and weaknesses of the asserted claims and their respective positions. *See, e.g.*, *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching'") (citation and internal quotation marks omitted); *Aponte v. Comprehensive Health Mgmt., Inc.,* 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement") (citation and internal quotation marks omitted). Furthermore, as Plaintiff is no longer employed by Defendants, coercion is unlikely. *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Cisneros v. Schnipper Rest. LLC,* 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) ("Although the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here") (citation and internal quotation marks omitted).

Additionally, after weighing the factors, the settlement should be allowed to proceed, as: (i) Plaintiff's alleged injuries will not recur because Plaintiff is no longer employed by Defendants; (ii) Defendants explicitly deny any wrongdoing; and (iii) continuing to develop the record will only serve to enlarge costs on both sides and will not serve any useful purpose. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d at 335-36.

<u>Plaintiff's counsel's fees are reasonable</u>

Under the proposed agreement, Plaintiff's counsel would recover $471.00 as reimbursement for costs and expenses[2] and $14,843.00 in fees. Under Plaintiff's contingency fee agreement, Plaintiff's counsel is entitled to recover, out of Plaintiff's settlement amount, fees totaling one-third of any amounts recovered on behalf of Plaintiff after reimbursement of costs and expenses. This fee should be approved, as "[a]n award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases." *Flores v. Anjost Corp.*, 2014 WL 321831, at *8 (S.D.N.Y. Jan. 29, 2014); s*ee also Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). The proposed fee award of one-third should also be approved because it was consensual and agreed to by Plaintiff. *See Mireku v. Red Vision Sys., Inc.,* 2013 WL 6335978, at *3 (S.D.N.Y. Dec. 6, 2013) (approving settlement and noting the consensual nature of the fee arrangement).

---

[2] Plaintiff's costs and expenses are as follows: $400.00 for the initial filing fee; and $71.00 for process server fees.

As indicated by Plaintiff's counsel's time records, attached hereto as **Exhibit 2**, Plaintiff's counsel has spent a total of 85.00 hours on this matter as follows: Nicola Ciliotta, 68.60 hours; Katherine Morales, 11.00 hours; Kenneth Katz, 3.50; and Nicole Grunfeld, 1.90 hours. Plaintiff's counsels' hourly rates - $275.00, $275.00, $425.00, and $375.00, respectively – are reasonable based on their experience and are in line with the rates charged by attorneys in this district. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases.") (internal quotation marks and citation omitted).

Katz Melinger PLLC is a boutique firm with substantial experience representing plaintiffs in wage and hour matters.

Mr. Ciliotta earned his B.A. from Vanderbilt University in 2015 and his J.D. from Penn State Law School in 2018. Mr. Ciliotta was admitted to practice in New York in 2019. Since joining the firm in 2018, Mr. Ciliotta has focused his practice exclusively on employment law matters.

Ms. Morales earned her B.B.A from Pace University and her J.D. from Georgetown University Law Center, where she was a Notes Editor for the Georgetown Immigration Law Journal. Ms. Morales joined the firm in August 2017 and has been a member in good standing of the New York State Bar since 2018.

Mr. Katz is the sole member of Katz Melinger PLLC. Mr. Katz earned his B.A. in 2000 from the State University of New York at Albany, and his J.D. in 2003 from Hofstra University School of Law, with an award recognizing his achievements in the employment law field. Mr. Katz was admitted to practice in the courts of New York in 2004, and has focused his practice in litigation since 2003.

Ms. Grunfeld has been the senior associate at Katz Melinger PLLC for more than seven years. She earned her B.A. in 1998 from Yale University, and her J.D. in 2004 from New York University School of Law. Ms. Grunfeld was admitted to practice in the courts of New York in 2005 and has focused on Plaintiff's employment matters for more than twelve years. She currently serves as Vice President of the Board of the New York chapter of the National Employment Lawyers Association.

The $14,843.00 fee sought by Plaintiff's counsel is well below Plaintiff's counsel's "lodestar" amount of $24,090.00, and should accordingly be found reasonable. *See e.g., Wang v. Masago Neo Asian Inc.*, 2016 WL 7177514, at *4 (E.D.N.Y. Sept. 26, 2016) ("While counsel seeks a 40% fee, the lodestar "cross-check" supports approval of this award since the requested fee is considerably lower than the proposed lodestar. Indeed, both the Second Circuit and the Supreme Court have held that the lodestar creates a presumptively reasonable fee.") (internal citations and quotation marks omitted); *see also Diaz v. Scores Holding Co.*, 2011 WL 6399468, at *5 (S.D.N.Y. July 11, 2011) (awarding Plaintiffs' counsel's attorneys' fees due, in part, to the fact that the fees were significantly below counsel's total lodestar amount). As set forth herein, Plaintiff's counsel negotiated a highly favorable settlement for Plaintiff, in which Plaintiff recovered a substantial portion of her alleged damages and will avoid the significant risk of receiving an unfavorable outcome in this matter. This risk is particularly high because if Defendants successfully argue that

Plaintiff is exempt from the FLSA's overtime requirements, Plaintiff would be entitled to nothing. Furthermore, even if Plaintiff were to prevail in her claims, she risks a potential inability to enforce any judgment against Defendants.

Accordingly, the parties respectfully request judicial approval of the parties' proposed settlement agreement, and further request permission to submit a stipulation of discontinuance with prejudice consistent with the requirements of Fed. R. Civ. P. 41(1) (a) (ii).

Respectfully Submitted,

| | |
|---|---|
| */s/ Nicola Ciliotta*_____ | */s/ Taylor Ferris*_____ |
| Nicola Ciliotta | Keith Gutstein |
| Katz Melinger PLLC | Taylor M. Ferris |
| 280 Madison Avenue, Suite 600 | Kaufman Dolowich & Voluck, LLP |
| New York, New York 10016 | 135 Crossways Park Dr., Suite 201 |
| Telephone: (212) 460-0047 | Woodbury, New York 11797 |
| Email: nciliotta@katzmelinger.com | Telephone: (516) 283-8706 |
| *Attorneys for Plaintiff* | Email: kgutstein@kdvlaw.com |
| | Email: tferris@kdvlaw.com |
| | *Attorneys for Defendants* |

5