UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PILAR ATTERBERRY, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

CORNELL GRACE, P.C., *et al.*,

                Defendants.

20cv04166 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a letter detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 38.) This Court has reviewed the parties' submission in order to determine whether the proposed agreement (Dkt. 38-1) represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letter, the terms of the proposed settlement agreement, and the fact that the parties' agreement was reportedly reached after extensive arm's length negotiations and with the aid of a private mediator, it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. The Court notes that this Order does not incorporate the terms of the parties' settlement agreement. Nor have the parties requested that this Court retain jurisdiction for the purpose of enforcing the settlement. Under the circumstances, the Court has made no independent determination to retain jurisdiction, and nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, No. 15cv1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3. In their submission, the parties have requested leave to submit a stipulation of discontinuance of this action with prejudice. (Dkt. 38, at 5.) While the requested leave is granted, the Court notes that the filing of the proposed stipulation is not required for the Court to dismiss this action, based on the parties' settlement.

4. As a result of the Court's approval of the parties' executed settlement agreement, this action is hereby discontinued with prejudice and without costs or fees to any party. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
July 8, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

<u>Copies to</u>:

All counsel (via ECF)